STOCKBRIDGE SCHOOL DISTRICT, Petitioner-Appellant,†

v.

DEPARTMENT OF PUBLIC INSTRUCTION SCHOOL DISTRICT BOUNDARY APPEAL BOARD, Respondent-Respondent.

Court of Appeals

*No. 94–1867. Submitted on briefs November 3, 1994.—Decided March 15, 1995.*

(Also reported in 531 N.W.2d 624.)

†Petition to review granted.

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Robert W. Burns, Thomas E. Griggs* and *Paul C. Hemmer* of *Godfrey & Kahn, S.C.* of Green Bay, Milwaukee and Sheboygan, respectively.

On behalf of the respondent-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Warren D. Weinstein*, assistant attorney general.

Before Brown, Nettesheim and Snyder, JJ.

SNYDER, J.   The Stockbridge School District appeals from an order affirming decisions of the School District Boundary Appeal Board which allowed the detachment of parcels from a school district and their attachment to another school district with which they did not share a common boundary. On appeal, Stockbridge contends that the creation of these island parcels was beyond the board's authority and jurisdiction. We are convinced that § 117.12(1), STATS., allows the creation of such islands. Stockbridge also argues that one of the board's orders was void because territory within it was subject to a pending reorganization, contrary to § 117.05(4)(b)1, STATS. We hold that if there were error, Stockbridge invited it by acting upon all of the petitions at once. Accordingly, we affirm the order of the circuit court.

Throughout 1992 and early 1993, property owners filed twenty-two separate petitions for detachment from the Stockbridge School District under § 117.12, STATS. Twenty-one of the petitions sought attachment

624

to the Chilton School District; the remaining one to the Hilbert School District. Thirteen of the Chilton petitions involved territory having no common boundary with the Chilton School District, although vicariously connected to the Chilton boundary through other petitioned territory.

The Chilton School Board approved the Chilton petitions; the Hilbert School Board approved the Hilbert petition. The Stockbridge School Board acted to deny each of the petitions. This denial was appealed to the School District Boundary Appeal Board. Following various hearings, the board determined that forty-six Chilton and Hilbert parcels should be detached from Stockbridge; forty-one of them are "island" parcels, having no common boundary with the proposed school district of attachment. Separate appeals to Manitowoc and Calumet County circuit courts were taken. By order for change of venue, the Calumet County case was moved to Manitowoc County. After briefing and oral argument, the Manitowoc circuit court affirmed the board's orders, and this appeal followed.

The central issue presented by this appeal is whether § 117.12(1), STATS., allows the detachment of island parcels that do not share a common boundary with the proposed school district of attachment. We hold that it does.[1]

---

[1] "On appeals to the courts from school reorganizations, the only issues to consider are whether the board acted within its jurisdiction and whether its order was arbitrary and capricious." *Joint Sch. Dist. No. 2 v. State Appeal Bd.,* 83 Wis. 2d 711, 720, 266 N.W.2d 374, 378 (1978). The board's decision is arbitrary and capricious when such action is unreasonable or does not have a rational basis. *Id.* If a statutory interpretation goes against the language of the statute being interpreted, or its legislative intent, or if it is inconsistent with the constitution or

We begin by setting forth the pertinent language of § 117.12(1), STATS.: "This section applies to the detachment of territory from one school district and its attachment to an adjoining school district . . .." The explication engaged in by the parties on appeal and the circuit court below focuses upon the words "detachment" and "attachment." *See id.* More precisely, Stockbridge contends that the plain meaning of "attachment to an adjoining school district" requires a physical connection between the objects in question and that, therefore, the statute does not allow the detaching of islands. *See id.*

While we agree with the parties and the circuit court that the salient question raised by the facts as applied to the statute is whether island parcels may be detached from one district and attached to another, we are persuaded that the key to understanding the statutory language lies rather in the word "adjoining." *See id.* The real question posed by the statute as applied here is "what must adjoin—the parcel and the attaching district or merely the two districts themselves?"

"For a statute to be clear and unambiguous, its words, phrases and sentences must be subject to but one applicable meaning in the eyes of a reasonably well-informed individual."[2] *Voss v. City of Middleton,* 162 Wis. 2d 737, 750, 470 N.W.2d 625, 630 (1991). We conclude that the statute is ambiguous because its wording reasonably allows either reading posed above. If we consider the phrase "its attachment to an adjoin-

judicial authority, it is, by definition, unreasonable. *See Carrion Corp. v. DOR,* 179 Wis. 2d 254, 265 n.3, 507 N.W.2d 356, 359 (Ct. App. 1993).

[2] We note that both Stockbridge and the board argue here that the statute is clear.

ing school district," the antecedent of the possessive pronoun "its" appears to be "territory." *See* § 117.12(1), STATS. From this, a reasonable reader could infer that the *territory* must adjoin the attaching school district.[3] However, if we consider the obvious parallelism of the phrases "from one school district . . . to an adjoining school district," then a reasonable reader could understand the statute to require that only the school districts themselves need adjoin. *See Voss*, 162 Wis. 2d at 750, 470 N.W.2d at 630.

In judicially construing an ambiguous statute, this court looks to sources outside the language of the statute itself, namely, the history, context, subject matter, scope and object of the statute. *See id.* at 749, 470 N.W.2d at 629. Our investigation of the history of this statute and its predecessors has proven particularly instructive.

We begin with a predecessor of current § 117.12, STATS.—§ 40.032, STATS., 1961, created by Laws of 1961, ch. 339. The pertinent language reads:

> **Attachment of small parcels.** If the owner of an individual *parcel of property adjoining the boundary line between 2 school districts* submits a written petition to the school boards affected, such boards may detach the property from its present school district or districts and attach it to the adjoining 12-grade district . . .. [Emphasis added.]

Concerning the question of what must adjoin what, this statute is clear: the parcel itself must lie on the border of the two districts because "adjoining" means "touching or bounding at some point or on some line."

---

[3] For example, "[the] attachment [of it (the territory)] to an adjoining school district." *See* § 117.12(1), STATS.

*See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 27 (1976). In 1967, ch. 40, STATS., was repealed and re-created as ch. 117, STATS., and § 40.032 became § 117.08, STATS., with minor changes not germane here.[4]

However, in 1981, § 117.08, STATS., was amended to read:

> **Attachment of small parcels.** The owner of an individual parcel of property may file a written petition with the school boards of *2 adjoining school districts* requesting that the parcel be detached from its present school district and attached to the adjoining school district. [Emphasis added.]

Laws of 1981, ch. 177, § 6. This new language plainly evinces a different meaning: only the school districts must adjoin. This apparent change in policy is reinforced by an analysis by the Legislative Reference Bureau to 1981 Senate Bill 392:

> Finally, *current law provides that the owner of an individual parcel of property which adjoins the boundaries of 2 school districts* may file a written petition with the school boards requesting the parcel be detached from its present school district and attached to the other school district. *This bill provides that the owner of any individual parcel of property may file such a petition with the school boards of 2 adjoining school districts.* [Emphasis added.]

A fiscal estimate attached to the same bill displayed a nearly identical analysis and "[e]stimated that this procedure will result in 10 less agency school committee hearings which would save $3,500.00 each year." 1981 S.B. 392. From these clear statements of legisla-

---

[4] *See* Laws of 1967, ch. 92, §§ 8, 17.

tive intent, we can see not only that the policy had changed, but also that the terms "detach" and "attach" are not alone dispositive of the question presented before this court.

What was clear became ambiguous in 1983, however, when § 117.08, STATS., was repealed and recreated[5] to read:

> **Attachment of parcels by school boards.** (1) (a) The owner of an individual parcel of *property* . . . *proposed to be detached from one school district and attached to an adjoining school district* may file a written petition with the clerks of the school boards . . . requesting that the *parcel . . . be detached from its present school district and attached to an adjoining school district.* [Emphasis added.]

In 1989, this provision was again repealed and renumbered as § 117.12, STATS., and it was rephrased into its present form,[6] a form no less ambiguous than its immediate predecessor:

> **Detachment and attachment of small territory initiated by owner.** (1) APPLICATION. This section applies to *the detachment of territory from one school district and its attachment to an adjoining school district* if all of the following apply . . .. [Emphasis added.]

The wording changes made in the statute after 1981 leave ambiguous the question of what must adjoin what. As the above history makes clear, the 1981 amendment explicitly altered the requirements of the statute so that only the school districts, not the parcel

---

[5] *See* 1983 Wis. Act 27, § 1465.
[6] *See* 1989 Wis. Act 114, §§ 12, 1.

itself, need adjoin. Our research into the legislative history of the 1983 and 1989 revisions reveals nothing to indicate that the legislature intended to modify the clear position it had taken in 1981. We conclude, therefore, that § 117.12(1), STATS., requires only that the school districts adjoin, not that the parcel adjoin the attaching district.

Our interpretation of the statute is further bolstered by another portion of 1989 Wis. Act 114. Section 5 created a new statutory section, "*Criteria for school district reorganizations.*" *See* § 117.15, STATS. One of these criteria is "[w]hether the proposed reorganization will make any part of a school district's territory noncontiguous." Section 117.15(5). Our interpretation of § 117.12(1), STATS., allows for what appears to be the most likely scenario from which noncontiguity might occur—the attachment of parcels which do not adjoin the attaching district.[7] We therefore affirm the circuit

---

[7] Stockbridge presents an argument in support of its position that the parcel must adjoin the attaching district, which position, it contends, could nevertheless create a noncontiguous "island" as envisioned by § 117.15(5), STATS. It posits the detaching of a U-shaped parcel whose tines abut the attaching district. This attachment would create a noncontiguous parcel out of the territory which the U surrounds. Stockbridge goes on to argue, however, that while detachments can create islands, islands cannot be detached. We are unpersuaded by this argument, deft as it may be. Stockbridge's reading of the statute allows for only one means of creating islands, and that not the simplest. We choose to apply Occam's Razor, *see Village of Elm Grove v. T.V. John & Son, Inc.,* 173 Wis. 2d 170, 175, 496 N.W.2d 167, 169 (Ct. App. 1992), electing the simpler of these competing interpretations over the more subtle, *see Swierupski v. Korn,* 419 N.Y.S.2d 87, 91 (N.Y. App. Div. 1979).

court's order which affirmed the board's decisions and implementation of the statute.[8]

We turn now to Stockbridge's second issue, that the circuit court erred in refusing to declare a certain board order void as violative of § 117.05(4)(b)1, STATS. That statute mandates that while a reorganization is pending, any other reorganization proceeding commenced or order made that includes any territory included in the pending reorganization is void. Stockbridge contends that territory included in Petitioned Area No. 1, filed in June 1992 with the Stockbridge School District, was also included in Petitioned Area No. 16, filed in April 1992, and that "all proceedings related to Petitioned Area No. 1 are void and should have been declared such by the Boundary Appeal Board and the circuit court."

We deem that Stockbridge has waived this issue under the doctrine of invited error. *See Shawn B.N. v. State,* 173 Wis. 2d 343, 372, 497 N.W.2d 141, 152 (Ct. App. 1992). Stockbridge argues that the proscribed overlap existed from the time of the original filing of a petition with the school board. *See* § 117.05(4)(a), STATS. However, as we understand the record,[9] the Stockbridge School Board itself acted upon all of the petitions, including the overlapping ones, at the same February 24, 1993, meeting. Stockbridge will not be heard to argue that the circuit court erred in address-

---

[8] Although the circuit court did not engage in the same interpretive analysis that we did, this court will affirm a circuit court's decision even if the court reached its result for different reasons. *See Lecander v. Billmeyer,* 171 Wis. 2d 593, 602, 492 N.W.2d 167, 171 (Ct. App. 1992).

[9] Stockbridge did not provide record cites to the school board proceeding.

ing overlapping petitions when it appears from the record that the Stockbridge School Board did the same.[10]

*By the Court.*—Order affirmed.

---

[10] We also note that, were we to address this issue on the merits, we would be at a loss to understand how the voiding of the overlapping petition would affect the result. Stockbridge's briefs on appeal specify neither the parcel which overlapped nor any inconsistent results reached in the treatment of that parcel. This court need not sift through the record to find facts to support an alleged error. *See Carrion Corp. v. DOR,* 179 Wis. 2d 254, 272-73, 507 N.W.2d 356, 362 (Ct. App. 1993). Without more, we do not see how a reversal would produce a different result.